IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JEFFREY HEALEY, | ) | CIVIL NO. 14-00373 SOM/KSC |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER GRANTING SUMMARY |
| vs. | ) | JUDGMENT IN FAVOR OF |
| | ) | DEFENDANTS |
| KIRSTJEN M. NIELSEN, | ) | |
| Secretary, U.S. Department of | ) | |
| Homeland Security; | ) | |
| | ) | |
| L. FRANCIS CISSNA, Director, | ) | |
| United States Citizenship and | ) | |
| Immigration Services; | ) | |
| | ) | |
| CHRISTOPHER ROBINSON, | ) | |
| Honolulu Field Office | ) | |
| Director, United States | ) | |
| Citizenship and Immigration | ) | |
| Services; | ) | |
| | ) | |
| JEFFERSON B. SESSIONS III, | ) | |
| Attorney General of the | ) | |
| United States, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ORDER GRANTING SUMMARY JUDGMENT IN FAVOR OF DEFENDANTS**

**I.       INTRODUCTION.**

In 1996, Plaintiff Jeffrey Healey was convicted of sex crimes with a minor.  Fifteen years later, in 2011, Jeffrey Healey married a Japanese citizen whose married name is Yuko Healey.  In March 2011, Jeffrey Healey sought to have his wife become a lawful permanent resident, which was denied because Jeffrey Healey's convictions for sex crimes with a minor caused the Secretary of U.S. Homeland Security to decline to determine

that Jeffrey Healey posed "no risk" to his wife.  Jeffrey Healey seeks judicial review of that decision.  Because the court lacks jurisdiction over that decision, the court grants the Government's motion for summary judgment and denies Jeffrey Healey's motion for summary judgment.[1]

**II.     FACTUAL BACKGROUND.**

The facts of this case are largely undisputed.

On October 19, 1996, Jeffrey Healey was convicted in the Circuit Court, Twelfth Judicial Circuit in and for Sarasota County, Florida, of two sex crimes involving a minor: (1) sexual activity with a child while in familial or custodial authority in violation of section 794.011 of Florida Statutes; and (2) handling/fondling a child under 16 years of age in a lewd, lascivious, or indecent manner in violation of section 800.04.(1) of Florida Statutes.  *See* Judgment, Case No. 95-1708F, ECF No. 29, PageID # 297.  He was sentenced to 48 months of imprisonment followed by 5 years of probation.  *Id.*, PageID # 300.

On January 11, 2011, Jeffrey Healey married Yuko Sakashita, a citizen of Japan.  *See id.*, PageID # 246; PageID # 212.

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Defendants listed in the caption of this order are substituted for their predecessors, who were sued in their official capacities but have since been replaced in those official capacities.

On March 21, 2011, Jeffrey Healey submitted to U.S. Citizenship and Immigration Services a Form I-130, Petition for Alien Relative. *Id.*, PageID # 219. The Form I-130 notified U.S. Citizenship and Immigration Services of Jeffrey Healey's marriage to Yuko Sakashita Heal ey and of her intent to apply for adjustment of her status from visitor to lawful permanent resident. *Id.*, PageID #s 219, 221.

On December 7, 2011, the U.S. Citizenship and Immigration Services sent Jeffrey Healey a Request for Evidence and Notice of Intent to Deny his Form I-130 petition. *See id.*, PageID # 227-31. This notice informed Jeffrey Healey that, "[b]efore the decision becomes final, we are providing you an opportunity to submit documentary evidence in an effort to overcome the deficiencies forming the grounds of the intended denial discussed below." *Id.*, PageID # 227. The notice stated that, in reviewing the petition, "USCIS discovered that you committed what appears to be an offense that would render you ineligible to act as a petitioner for the family-based visa . . . ." *Id.* That is, Jeffrey Healey was told that, because he had committed a "specified offense against a minor," U.S. Citizenship and Immigration Services could not determine that he posed "no risk" to the safety or well-being of his wife. *Id.*, PageID 227-28.

3

The petition was denied on July 22, 2014. *Id.*, PageID # 219 (petition is stamped "denied"), PageID # 223-26 (denial decision).

**III.   ANALYSIS.**

In relevant part, the Immigration and Nationality Act, 8 U.S.C. § 1154, allows a United States Citizen to file a Form I-130 petition to have his or her spouse classified as an immediate relative, the first step toward the relative's becoming a lawful permanent resident.

The Adam Walsh Child Protection and Safety Act of 2006 amended § 1154 to prohibit a citizen convicted of a specified offense against a minor from filing a family-based visa petition. As amended, 8 U.S.C. § 1154 states:

> (a)(1)(A)(i)  Except as provided in clause (viii), any citizen of the United States claiming that an alien is entitled . . . to an immediate relative status under section 1151(b)(2)(A)(i) of this title may file a petition with the Attorney General for such classification.
>
>     . . . .
>
> (viii)(I) Clause (i) shall not apply to a citizen of the United States who has been convicted of a specified offense against a minor, unless the Secretary of Homeland Security, in the Secretary's sole and unreviewable discretion, determines that the citizen poses no risk to the alien with respect to whom a petition described in clause (i) is filed.

On July 22, 2014, U.S. Citizenship and Immigration Services denied Jeffrey Healey's petition to have his wife classified as an immediate relative for lawful permanent resident purposes.

On August 21, 2014, Jeffrey Healey filed the present Complaint, asserting seven causes of action.

On July 29, 2015, several months before the Complaint was filed in this matter, Chief Judge Rosanna Malouf Peterson, of the Eastern District of Washington, issued an order dismissing nearly identical claims filed by Attorney Nicklaus J. Misiti on behalf of Malcolm Burbank. *See Burbank v. Johnson, et al.*, 2015 WL 4591643 (E.D. Wash. July 29, 2015). Misiti is also the attorney for Jeffrey Healey in the present case. The issues raised by the motions for summary judgment before this court in this case were raised in *Burbank*.

Chief Judge Peterson examined whether § 1154(a)(1)(A) barred the court from exercising jurisdiction. She ruled that it did not, reasoning that Burbank's claims did not go to the U.S. Citizenship and Immigration Services' exercise of discretion in determining whether Burbank posed "no risk" to his foreign spouse. 2015 WL 4591643, *5. While that decision was on appeal, the court stayed this action. *See* ECF No. 46.

On appeal, the Ninth Circuit vacated Chief Judge Peterson's decision in *Burbank*, ruling that the court lacked

5

jurisdiction with respect to all of Burbank's claims.  *See Burbank v. Nielsen*, 708 F. App'x 465 (9th Cir. 2018).  In light of the Ninth Circuit's ruling, the court lifts the stay.  Given that ruling and the identical claims raised in both *Burbank* and this action, this court rules that it lacks jurisdiction with respect to all of Jeffrey Healey's claims.  The court therefore grants the Government's motion for summary judgment, ECF No. 32, and denies Healey's motion for summary judgment, ECF No. 30.

**IV.    CONCLUSION.**

For the reasons stated in the Ninth Circuit's ruling in *Burbank v. Nielsen*, 708 F. App'x 465 (9th Cir. 2018), this court lacks jurisdiction over Jeffrey Healey's claims.  The court therefore grants summary judgment in favor of Defendants and directs the Clerk of Court to enter judgment in Defendants' favor and to close this case.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, June 29, 2018.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

*Healey v. Nielsen, et al.*, CIVIL NO. 14-00373 SOM/KSC; ORDER GRANTING SUMMARY JUDGMENT IN FAVOR OF DEFENDANTS